# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 204 | **DATE** | 3/8/2011 |
| **CASE TITLE** | Sloan Valve Company vs. Zurn Industries | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to reopen case for the limited purpose of amending the protective order to expressly allow submission of information required by the Patent Office and to rule on Defendants' objections to the submission of information [158] is granted. The stay remains in place in this case given the reexamination.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On December 16, 2010, the Court stayed this patent-infringement case pending the outcome of the PTO's reexamination of U.S. Patent No. 7,607,635 ("the '635 patent"). (R. 157.) On February 22, 2011, Plaintiff, Sloan Valve Company, filed a motion to reopen the case for the limited purpose of amending the Protective Order to allow submission of information required by the PTO. (R. 158.) Sloan contends that federal regulations require it to disclose in the reexamination proceedings all information that may be material to the patentability of the '635 patent. (R. 159 at 2.) Sloan also observes that the Protective Order in this case does not "expressly permit submission of Confidential information to the Patent Office." (*Id.* at 3.) Plaintiff thus submits that it faces conflicting obligations. (*Id.*) Observing that the PTO's Manual of Patent Examining Procedure (MPEP) provides that "[i]t matters not whether the 'material' information . . . is subject to a protective order" (MPEP § 724), Sloan requests that the Court reopen the case, amend the Protective Order to allow Plaintiff to submit information designated as "confidential" or "highly confidential," and rule that Plaintiff's attorneys who have a duty to disclose material information to the PTO have the right to determine which information is material. (R. 159 at 3.)

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Defendants (collectively "Zurn") oppose Sloan's motion. (R. 165.) They argue that Plaintiff's sought-after ruling would nullify the protective order. Relying on *Telecomm. Sys., Inc. v. Mobile 365, Inc.*, No. 3:06-CV-485, 2009 WL 5943235 (E.D. Va. Mar. 31, 2009), Zurn contends that "submission of another's confidential materials is improper and sanctionable." (R. 165 at 4.) Zurn further argues that documents submitted under MPEP § 724 "will inevitably become available to the public if a reexamination certificate is issued." (*Id.* at 5 (citing MPEP § 724.04(c)). Zurn specifically objects to Plaintiff's introducing confidential documents that contain information favorable to patentability, for the MPEP makes clear that the PTO will not treat that information as confidential. (*Id.* at 5-6.) Finally, Zurn points out that "the vast majority of documents that Sloan has thus far identified as material are manifestly not prior art 'patents or printed publications'" and, so, "even if an agreement were to be reached as to their confidentiality designations, these references . . . would not be considered by the Examiner in the context of a reexamination." (*Id.* at 6.).

For the reasons discussed below, the Court grants Sloan's motion.

**DISCUSSION**

The first issue is whether federal regulations indeed require Sloan to disclose all material information to the PTO. 37 C.F.R. § 1.555 provides that "[t]he individuals who have a duty to disclose to the Office all information known to them to be material to patentability in a reexamination proceeding are the patent owner, each attorney or agent who represents the patent owner, and every other individual who is substantively involved on behalf of the patent owner in a reexamination proceeding." Sloan is the relevant patentee (R. 1 at 5-6), and thus 37 C.F.R. § 1.555 clearly imposes a duty on it and its attorneys to disclose all material information to the PTO during reexamination of the '635 patent.

Second, it is true that MPEP § 724 purports to impose a conflicting duty on Sloan, by providing that "[i]t matters not whether the 'material' information . . . is subject to a protective order."

The Court agrees that the Protective Order does not explicitly authorize Sloan to submit to the PTO confidential documents produced by Zurn. "[T]he Court does not intend to preclude *another Court* from requiring the disclosure of documents . . . in another case or proceeding." (R. 32 at 9) (emphasis added).

The PTO has a specific procedure for submitting confidential documents, and the Court sees no reason for the Protective Order to preclude the submission. *See, e.g.*, *Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.*, No. 07-CV-2175, 2009 WL 5205381, at *3 (W.D. Tenn. Dec. 23, 2009) (rejecting the argument that "unsealing the orders is necessary to facilitate. . . reexamination . . . by the PTO" and observing that "Section 724 of the [MPEP] deals with submitting materials subject to a protective order. Section 724.02 describes in detail how to label confidential materials 'Subject to Protective Order' upon submission to the examiner so that they will not be disclosed to the public," and finally noting that "confidential information found not to be material to patentability may be expunged under MPEP 724.05 and 37 C.F.R. § 1.59"). In light of MPEP § 724's provision that a protective order does not alleviate a person of the duty to disclose material information, and because of the PTO's confidentiality procedures contained in that same section, the Court amends the Protective Order in the manner that Sloan suggests, with the exception that the disclosing party must submit "confidential" or "highly confidential" information using the specific procedure outlined in MPEP 724.02 ("Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials"). Specifically, the Court amends Paragraph 6 of the Protective Order to read as follows:

> 6. <u>Other Proceedings</u>: By entering this Stipulated Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court or the United States Patent and Trademark Office from requiring, by an order, law, or regulation, the disclosure of documents, things, or information in another case or proceeding. Any party or other person subject to this Stipulated Protective Order that is required to disclose information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Stipulated Protective Order shall promptly notify the Disclosing Party so that the Disclosing Party may have an opportunity to

appear and be heard on whether that information should be disclosed, and shall notify the Requesting Party that such information is subject to this Stipulated Protective Order. Any submission of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the United States Patent and Trademark Office shall be made under MPEP § 724.02.

The Court also amends Section 1(a) of the Protective Order to read as follows:

"Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, except as provided in this Order."

Defendants make a variety of unavailing arguments why the Court should not grant Plaintiff's motion.
In the first place, Zurn argues that, under 35 U.S.C. § 301 and 37 C.F.R. § 1.552, "the vast majority of documents" that Sloan seeks to provide to the PTO are not "patents and printed publications," and so the examiner would not consider them. (R. 165 at 6.) 37 C.F.R. § 1.555(b), however, explicitly provides that "information is material to patentability in a reexamination proceeding" if, apart from being a relevant patent or printed publication, "it refutes, or is inconsistent with, a position the patent takes in (i) opposing an argument of unpatentability relied on by the Office, or (ii) asserting an argument of patentability." It follows that, even if Zurn accurately characterizes the nature of most of the documents that Sloan wishes to submit to the PTO, those documents may nevertheless be material.

Second, relying on *Mobile 365*, Zurn criticizes Sloan's motion on the ground that it improperly seeks to bypass a protective order. Sloan, however, seeks to amend the Protective Order, not to violate or bypass it. Furthermore, Zurn's reliance on *Mobile 365* is misplaced, for the case establishes the propriety of Sloan's motion.

In *Mobile 365*, the patentee, TCS, prevailed at trial after the jury found that the defendant had wilfully infringed the relevant patent. 2009 WL 5943235. After the trial, but before the court entered final judgment, defendant's parent company initiated reexamination at the PTO. *Id.* at *1. Pursuant to this proceeding, the patentee filed 56 documents that the defendant had produced as "attorneys' eyes only." *Id.* As a result, the PTO initially made the confidential documents public. *Id.* The defendant then filed a motion with the district court for violation of the relevant protective order.

The patentee argued that the protective order did not apply in the situation because "the Protective Order, by its terms, is not applicable if its adherence would require TCS to violate a competing legal duty, here, the duty to disclose all 'information material to patentability' to the PTO." *Mobile 365*, 2009 WL 5943235, at *3. The court rejected this argument. *Id.* The district judge observed that "TCS could have petitioned the Court and obtained a determination on the applicability of the Court's Protective Order." *Id.* at 5. He also rejected the argument that "the PTO's duty of disclosure overrides any protective order of a court. The judge concluded: "While this passage asserts that documents covered by a protective order may need to be disclosed, it does not state, as TCS contends, that a protective order is inapplicable and can be ignored in its entirety. Rather the PTO specifically addresses confidential documents that are subject to a protective order and notes that the expungement process is designed to protected these documents, while at the same time allowing an applicant to file material information." *Id.*

*Mobile 365* thus provides that MPEP § 724 does not override a binding protective order, and that a party seeking to disclose documents that another party previously produced as "confidential" under such an order must first petition the relevant court. Sloan has properly done just that.

Finally, MPEP § 724.04 does provide that, "if the materials submitted under MPEP § 724.02 . . . are found to be material to patentability, the petition to expunge will be denied and the materials will become part of the application record and will be available to the public upon issuance of the application as a patent." Zurn argues that this fact precludes the Court from amending the Protective Order to allow Sloan to submit confidential documents that are material to patentability. (R. 165 at 4-5.) Zurn fails to offer any case law that supports its position in this regard. Furthermore, Sloan accurately points out that it was Zurn itself that initiated reexamination proceedings, with knowledge of the PTO's disclosure requirements. (R. 167 at 3.) Zurn's

argument in this respect does not warrant the Court's denying Sloan's motion to reopen.

## CONCLUSION

The Court grants Plaintiff's motion, and amends the Protective Order in the manner indicated above. Sloan's attorneys must abide by their representation that they will "timely file a petition to expunge Sloan and Zurn confidential documents upon termination of the Patent Office proceedings." (R. 167 at 3.) Furthermore, the Court expects that Sloan and its attorneys will refrain from submitting any of Zurn's confidential documents that are "favorable to patentability,' as opposed to "material to patentability." MPEP 724.03 ("If any . . . protective order materials are submitted in amendments, arguments in favor of patentability, or affidavits under 37 C.F.R. 1.131 or 1.132, they will be made of record in the file and will not be given any special status."); 37 C.F.R. 1.555(b) (defining "material information" for the purpose of a reexamination proceeding). Sloan must notify Zurn, in advance, which confidential or highly documents it plans to submit to the PTO.

The stay remains in place in this case given the reexamination.