# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 204 | **DATE** | 11/13/2012 |
| **CASE TITLE** | Sloan Valve Co vs. Zurn Industries | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff Sloan Valve Company's motion for a protective order [402] barring Zurn from conducting a deposition on Sloan's final infringement contentions or pursuant to the Rule 30(b)(6) deposition notice dated January 27, 2012, Exhibit A of Sloan's motion.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiff Sloan Valve Company's ("Sloan") motion for a protective order. (R. 402, Mot.) Sloan moves this Court to enter a protective order pursuant to Federal Rule of Civil Procedure ("Rule") 26(c) barring Defendants, Zurn Industries, Inc. and Zurn Industries, LLC (collectively, "Zurn"), from conducting a Rule 30(b)(6) deposition regarding Sloan's infringement contentions.[1] (*Id*.) For the following reasons, the Court grants Sloan's motion for a protective order.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] Sloan's motion seeks a protective order (1) barring Zurn from conducting a fact deposition on Sloan's infringement contentions and (2) barring Zurn from exceeding deposition time limits. On October 18, 2012, the Court denied the latter request as moot. (R. 404, Min. Ent.) The Court, therefore, does not address the arguments regarding deposition time limits in this Order. Additionally, during the status hearing on October 18, 2012, Zurn informed the Court that it seeks to depose a non-testifying expert, though Sloan's motion specifically addresses whether Zurn can depose a Sloan attorney. (Reply, Ex. G, 10/18/2012 St. Hrg. Trnspt. at 11-12.) For completeness, the Court addresses the propriety of deposing either Sloan's trial counsel or a non-testifying expert regarding Sloan's infringement contentions. Additionally, since Zurn issued its Rule 30(b)(6) notice, Sloan has amended its infringement contentions multiple times. (*See* Mot. at 2-5.) The Court assumes that Zurn will depose Sloan's corporate representative on the final version of the infringement contentions. The version of the infringement contentions at issue, however, does not change the analysis.

## BACKGROUND

In January 2010, Sloan sued Zurn for infringement of U.S. Patent No. 7,607,635 ("the '635 Patent").[2] (R. 1, Compl.) On November 22, 2011, Sloan served upon Zurn its Updated Final Infringement Contentions. (Mot. at 2.) On January 27, 2012, Zurn served on Sloan Defendants' Notice of Deposition of Plaintiff Pursuant to F.R.C.P. 30(b)(6) ("the 30(b)(6) notice"), requesting a corporate witness to testify on numerous topics related to Sloan's final infringement contentions. (*Id*.) On March 19, 2012 Sloan served upon Zurn Supplemental Updated Final Infringement Contentions to address concerns Zurn had expressed during a March 6, 2012 meet and confer telephone conference. (*Id*. at 4.) On October 12, 2012, Sloan served upon Zurn its Amended Final Infringement Contentions. (*Id*. at 5.) Sloan seeks a protective order to bar Zurn from conducting Rule 30(b)(6) fact depositions on its final infringement contentions. (Mot. at 1-7.)

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The moving party bears the burden of showing good cause for a protective order. *See Central States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co.*, No. 10 C 2881, 2012 WL 2863478, at *2, (N.D. Ill. July 11, 2012) (citing *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). Under Rule 26(c)(1) the Court may forbid the disclosure or discovery sought by a party or forbid inquiry into certain matters. *See* Fed. R. Civ. P. 26(c)(1)(A) & (D). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012)

## ANALYSIS

As a threshold matter, despite filing a Response (R. 405) and a Sur-Reply (R. 418), Zurn has largely failed to address the specific issue raised in Sloan's motion and Reply, namely whether the Court should bar Zurn from taking a Rule 30(b)(6) deposition regarding Sloan's infringement contentions. Rather than address the deposition issue, Zurn repeatedly argues that the Court should require Sloan to "produce all documents and data, including any documents and data prepared by non-testifying experts, responsive to Zurn's discovery requests." (Resp. at 3, 7-10; Sur-Reply at 2.) Indeed, Zurn repeatedly requests that the Court enter an order compelling Sloan to produce documents and data relating to testing done on Zurn's own device. (*See e.g.*, Resp. at 11-12; Sur-Reply at 2.) Such a request is proper in a motion to compel, not in response to this motion for a protective order. The Court, therefore, disregards these arguments and finds that Zurn has waived any argument regarding whether it may depose one of Sloan's trial attorneys regarding its infringement contentions and whether there are any "exceptional circumstances" necessitating a deposition of Sloan's non-testifying expert, as Zurn has addressed neither contention. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *United States v. Foster*, 652 F.3d 776, 792 (7th Cir. 2011) ("As we have said numerous times, undeveloped arguments are deemed waived[.]"); Fed. R. Civ. P. 26(b)(4)(D)(ii).

---

[2] A description of the '635 Patent and factual background regarding the infringement dispute can be found in the Court's October 26, 2012 Memorandum Opinion and Order regarding Zurn's motion for partial summary judgment. (R. 412, Opinion.) A detailed description of the procedural posture of this case can be found in the Court's April 12, 2012 Order regarding Sloan's motion to strike and to compel discovery. (R. 285, Order.)

Even if Zurn had not waived these arguments, the Court would not require Sloan to produce a Rule 30(b)(6) witness to testify about the infringement contentions. First, Zurn has not shown that it needs to obtain information specifically from an attorney. Second, Zurn cannot show any exceptional circumstances justifying discovery of the "facts known or opinions held by" Sloan's consulting experts who conducted the tests at issue. *See* Fed. R. Civ. P. 26(b)(4)(D)(ii).

## I. Zurn May Not Depose a Sloan Attorney or Other Corporate Representative About Sloans' Attorneys' Mental Impressions or Legal Theories

Although Rule 30(a) permits a party to take a deposition of "any person," some courts have found that "'[t]he deposition by one party of the other side's attorney in the litigation . . . is disfavored and should be permitted only if there is no other reasonable means to obtain relevant and significant information that the attorney possesses." *Fields v. City of Chi.*, No. 10 C 1168, 2012 WL 4892392, at *3 (N.D. Ill. Oct. 15, 2012) (citing *S.E.C. v. Buntrock*, 217 F.R.D. 441, 445 (N.D. Ill. 2003) (collecting cases); *see also Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) (outlining the test for when deposition of opposing counsel is appropriate). The Seventh Circuit has not decided whether these stringent requirements apply to depositions of opposing counsel, however, the Court finds this test instructive here because Zurn cannot meet these requirements.

First, Zurn's Rule 30(b)(6) notice improperly seeks testimony implicating the mental impressions and legal theories of the trial counsel who drafted them. (Mot., Ex. A); *see also In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *1 n. 2 (N.D. Ill. Aug. 19, 2005) ("[T]he topics are improper under Rule 30(b)(6) in that they seek to elicit their contentions and legal theories"); *Buntrock*, 2004 WL 1470278, at *2 (upholding magistrate judge's finding that 30(b)(6) notice impermissibly sought to delve into theories of counsel). Zurn, for example, seeks "[d]escription and explanation" of statements in the infringement contentions, which Sloan's counsel strategically drafted. (Mot., Ex. A ¶ 2; *see also* Resp. at 10 (stating that Zurn is entitled to this discovery "because it reflects Sloan's understanding of how the accused device operates.").  Zurn cannot seek this privileged information via a Rule 30(b)(6) deposition or any other discovery mechanism.

If Zurn instead seeks only "information regarding what, if any, pre- and post-litigation testing the accused device(s) were subject to, and the data obtained from those tests," as alleged in its Response, such documents may be protected by the work product privilege.[3] (Resp. at 5-6.) Moreover, even if this information is not privileged,

---

[3] Sloan has asserted the work-product privilege over the tests conducted by its consulting experts. (Mot. at 7; Reply at 7-8.) Zurn, without any legal citation, argues that the "underlying test data" is not "subject to work product immunity for at least the reasons set forth in the Court's Order of April 12, 2012." (*Id*. at 9.) Zurn cites to the April 12, 2012 Order also for the proposition that "Sloan's complaint and contentions effectively waived whatever work product or privilege immunity might arguable have protected the results of Sloan's testing and analysis." (*Id*. at 10.) Zurn also argues that the Court's April 12, 2012 Order requiring Zurn to produce testing data and a 30(b)(6) witness is "law of the case" and requires the Court to deny Sloan's motion for a protective order. (Sur-Reply. at 2; *see also* Resp. at 10-11 (describing Zurn's request as seeking "directly parallel discovery").) The Court's April 12, 2012 Order, which related to Zurn's tests of valves within Zurn's control that Zurn put "at issue," is not determinative of whether data and results from Sloans tests of Zurn's device are privileged. (Order at 5-9.) The Court need not resolve this issue, however, because (1) Sloan has agreed to produce non-privileged pre-complaint testing data and documents and to log the privileged materials in a privilege log and (2) as discussed in this Order, the remaining information Zurn seeks with its 30(b)(6) notice is protected under Rule 26(b)(4)(D). (Reply, Ex. G. 10/18/2012 St.

Zurn has not offered any evidence to establish that there is "no other reasonable means" of obtaining it. *Fields*, 2012 WL 4892392 at *3. Additionally, Zurn has offered no argument to counter Sloan's claim that deposing its trial counsel would be unduly burdensome. (Mot. at 6-7.)

## II. Zurn May Not Depose Sloan's Consulting Expert or Other Corporate Representative About the Work of Sloan's Consulting Expert

Despite Sloan's initial contention that Zurn's 30(b)(6) notice seeks testimony from Sloan's counsel, Zurn clarified in open court that it seeks to depose a non-testifying expert. (Reply, Ex. G, 10/18/2012 St. Hrg. Trnspt. at 11-12.) The Court agrees with Sloan that "investigations done by non-testifying experts are protected from deposition discovery by Rule 26(b)(4)(D)." (Reply at 2); *see e.g.*, *Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09 C 4348, 2012 WL 3721350, at *6 (N.D. Ill. Aug. 27, 2012) ("Consulting experts do not offer testimonial evidence during a litigation proceeding, and parties are therefore not entitled to discovery from consulting experts."). Under Rule 26(b)(4)(D)(ii), a party may depose a non-testifying expert "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Zurn has not made any such showing.

Here, Zurn seeks testimony regarding testing Sloan conducted on Zurn's own product. (Mot., Ex. A.) Zurn does not need the results of Sloan's tests to gain an understanding of how the product works. In its April 12, 2012 Order, the Court required Zurn to disclose testing data and information relating to the worn valves Zurn fabricated using the Zurn machine, which Zurn had put "at issue" and were only in Zurn's possession. (Order at 6-7.) Contrastingly, the testing information Zurn seeks relates to tests of its own device, which Zurn can test and analyze at any time.

Additionally, Zurn will be able to review Sloan's expert disclosures, which are due on November 30, 2012 and will likely contain certain testing results. Indeed, under Rule 26(a)(2)(B)(ii), Sloan's expert reports must contain "the facts or data considered by the witness in forming [his opinions]." In fact, Zurn acknowledges that "Sloan's forthcoming expert report will undoubtedly include *some* information relating to Sloan's theory of infringement," but wants to also discover "Sloan's understanding and analysis of the accused device at the time each of its revised Infringement Contentions were served." (Resp. at 5.) Seeking the "understanding and analysisof Sloan, meaning its attorneys, is improper, as previously discussed. Seeking the "understanding and analysis" by consultants hired by Sloan to test the accused device is improper under Rule 26(a)(4)(D).

Unlike the work product doctrine, Rule 26(a)(4)(D) does not only prohibit discovery of mental impressions, it also protects "facts known or opinions held" by a consulting expert as well. Fed. R. Civ. P. 26(a)(4)(D). Even the methodology employed by a consulting expert is off-limits. *See e.g., Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 420 (N.D. Ill. 2011) (finding that materials relating to the methodology of a consulting expert which might shed light on an expert's report were not discoverable). Moreover, how Sloan, its consultants, and its attorneys came to the conclusions reflected in the infringement contentions is not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). Zurn has received Sloan's contentions, will receive Sloan's expert reports, can depose Sloan's testifying experts, and has access to the device at issue to

---

Hrg. Trnspt at 7-8.) Notably, despite Zurn's attempts to cite the April 12, 2012 Order as dispositive to this motion, the issue of whether Rule 26(b)(4)(D) protects certain data or testing results from discovery was not before the Court at that time whereas Sloan bases many of its arguments for a protective order on Rule 26(b)(4)(D)'s protections. (*See* Order; *see also* R. 234, Zurn's Mot. to Strike.)

conduct its own tests. The Court will not additionally allow Zurn to depose a non-testifying expert on the tests Sloan conducted on Zurn's own product in anticipation of litigation and to formulate its theory of infringement.

## CONCLUSION

For the foregoing reasons, the Court grants Sloan's motion for a protective order barring Zurn from conducting a deposition on Sloan's final infringement contentions or pursuant to the Rule 30(b)(6) deposition notice dated January 27, 2012, Exhibit A of Sloan's motion.