IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLOAN VALVE COMPANY, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 1:10-cv-00204 |
| ZURN INDUSTRIES, INC., a Delaware corporation, and ZURN INDUSTRIES, LLC, a Delaware limited liability company, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Sloan Valve company ("Sloan") brings this patent infringement action against Defendants Zurn Industries, Inc. and Zurn Industries, LLC (collectively, "Zurn"). Zurn now moves for leave to amend its final non-infringement, invalidity, and unenforceability contentions. (R. 419.) For the reasons discussed below, the Court grants Zurn's motion in part and denies it in part. In addition, the Court strikes those portions of Sloan's Amended Final Infringement Contentions that are not relevant to the parties' dispute regarding provisional remedies under Section 154(d) and are therefore outside the scope of the Court's October 2, 2012 Order.

### BACKGROUND

This case concerns U.S. Patent No. 7,607,635, entitled "Flush Valve Handle Assembly Providing Dual Mode Operation" (the "'635 Patent" or the "Wilson Patent"), and the corresponding U.S. Patent Application Publication No. 2006/0151729 (the "Published Wilson

1

Patent Application"). On January 13, 2010, Sloan commenced this action against Zurn seeking (a) damages and injunctive relief for Zurn's alleged infringement of the '635 Patent; and (b) provisional damages for Zurn's alleged making, sale and use of inventions that the Published Wilson Patent Application covers. (See R. 1, Compl. ¶¶ 34-38.)

On August 15, 2012, Zurn filed a motion for partial summary judgment on Count II arguing that Sloan is not entitled to provisional remedies based on Claims 7, 8 and 12 of the '635 patent. (R. 364, at 1-2.) Specifically regarding claims 7 and 8, Zurn argued that because Sloan did not allege direct infringement of those claims, they were not entitled to provisional damages. *See id.* ("[P]rovisional rights are limited to those instances where a party 'makes, uses, offers for sale, or sells in the United States the invention.' It is undisputed that Zurn does not "make, use, offer for sale, or sell" in the United States the allegedly novel methods claimed in Claims 7 and 8 - the remaining claims asserted in Count II.") In order to address this issue in part, on September 11, 2012, Sloan filed a motion seeking leave to amend its final infringement contentions regarding Count II of its Amended and Supplemental Complaint.[1] (R. 385.) Sloan explicitly requested "that the Court enter an order permitting Sloan to amend its Final Infringement Contentions against [Zurn] *to specifically recite Sloan's claim for provisional damages relating to Zurn's pre-issuance activities*." (R. 385, at 1) (emphasis added); *see also id.*, at 3 ("Sloan conditionally requests that the Court grant it leave to amend its Final Infringement Contentions

---

[1] Count II of the Amended and Supplemental Complaint is entitled "For Infringement of the Wilson Patent Application" alleging that (1) Zurn "made, used, offered for sale or sold in the United States the invention claimed in at least Claims 10-11 and 15 of the published *Wilson* Patent Application during the period between publication of the *Wilson* Patent Application and the issuance of the *Wilson* Patent;" (2) "Claims 10-11 and 15 of the published *Wilson* Patent Application are substantially identical to Claims 7-8 and 12, respectively of the *Wilson* Patent, within the meaning of 35 U.S.C. § 154(d)(2);" and (3) "Zurn had actual notice of the published *Wilson* Patent Application at the time it committed its acts of infringement of the *Wilson* Patent Application." (R. 197, Sloan's Amended and Supplemental Complaint, at ¶¶ 81-85) (emphasis original.)

2

to add its bases under Section 154(d) for claiming provisional damages against Zurn.") Two days later, on September 13, 2012, the Court issued its claim construction ruling. (Dkt 391.)

At a hearing on October 2, 2012, the Court granted Sloan's Motion for Leave to Amend Its Final Infringement Contentions to specifically recite Sloan's claims for provisional damages relating to Zurn's pre-issuance activities as requested by Sloan. (R. 399.) On October 9, 2012, Sloan submitted its Amended Final Infringement Contentions. (R. 419-5, Sloan's Amended Final Infringement Contentions.)

At issue in this order is Zurn's Motion seeking Leave to Amend its Final Non-Infringement and Invalidity/Unenforceability Contentions. (R. 419.) The Court grants Zurn's motion in part. The Court further strikes those portions of Sloan's Amended Final Infringement Contentions, filed on October 9, 2012, that are not relevant to the parties' dispute regarding provisional remedies under Section 154(d) as they are outside the scope of the Court's October 2, 2012 Order granting Sloan leave to amend.

## LEGAL STANDARD

### I. Amending Final Contentions

The primary rule governing Zurn's request is Local Patent Rule 3.4, which provides that a party may amend its final infringement contentions only by order of court "upon a showing of good cause and absence of unfair prejudice to opposing parties made promptly upon discovery of the basis for the amendment." L.P.R. 3.4; *see also Fujitsu Ltd. V. Tellabs Ops., Inc.*, Nos. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012). The purpose of these patent rules is to "prevent a 'shifting sands' approach to claim construction by forcing the parties to 'crystallize their theories of the case early in litigation.'" *Fujitsu*, 2012 WL 5444979 at *4 (citations omitted). Specifically, "[t]he purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case because, in practice, it is difficult to

3

obtain such information through traditional discovery means, such as interrogatories." *Id.*

## II. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. (Fed. R. Civ. Proc. 12(f); *see also Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).) The Court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter. (*Id.; Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir. 1992).)

## ANALYSIS

Here, Zurn argues that Sloan "took the liberty of further amending its contentions beyond the leave requested in its motion." (R. 427, at 1.) The Court agrees with Zurn and hereby strikes those portions of Sloan's Amended Final Infringement Contentions that go beyond the Court's October 2, 2012 Order. Specifically, the Court finds that certain amendments made by Sloan went beyond the scope explicitly requested and granted in open Court on October 2, 2012, and strikes those portions not related to its claim for provisional damages pursuant to Fed. R. Civ. Proc. 12(f), as discussed below.

Sloan's Motion to Amend Its Final Infringement Contentions explicitly stated a single basis for its request: "that the Court enter an order permitting Sloan to amend its Final Infringement Contentions against [Zurn] *to specifically recite Sloan's claim for provisional damages relating to Zurn's pre-issuance activities*." (R. 385, at 1) (emphasis added); *see also id.*, at 3 ("Sloan conditionally requests that the Court grant it leave to amend its Final Infringement Contentions to add its bases under Section 154(d) for claiming provisional damages

4

against Zurn.") Sloan's motion was silent as to requesting leave to amend its contentions on the basis of the Court's September 13, 2012 claim construction order or any other basis outside of the clear request under Section 154(d). Furthermore, the Court limited the extent to which Sloan could amend its Final Infringement Contentions to recite claims for provisional damages. Yet, Sloan's Amended Final Infringement Contentions filed with the Court on October 9, 2012 explicitly state that its amended contentions "have been updated in view of the court's claim construction decision of September 13, 2012." (R. 419-5, at 1.) The Court, however, did not grant Sloan permission to amend based on the claim construction ruling. Sloan's attempts to circumvent the Court's October 2, 2012 Order are improper. As such, the Court strikes these amendments.

I.   **Sloan's Amendments Applicable to Provisional Damages Under 35 U.S.C. § 154(d)**

Under Section 154(d), an inventor has the right to obtain a reasonable royalty from anyone who, between the publication and the patent's issuance, "makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States." 35 U.S.C. § 154(d). Under Section 154(d), a patentee may "obtain reasonable royalties for activities amounting to infringement of the [patent application's claims] if: (1) the issued patent claims are substantially identical to the claims in the published application; and (2) [defendant] had actual notice of the published patent application." *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1275-76 (Fed. Cir. 2004) (internal footnotes omitted); *see also* 35 U.S.C. §§ 154(d)(1)(B), (2).

Sloan's Amended Final Infringement Contentions amended its claims of direct infringement stating: "Zurn has directly infringed asserted Claims 1, 4-8, 10-12, 14, 19, 29-31 and 33-34 of the Wilson Patent by using the Zurn Z6000 Valve and Zurn P6000 Handle with a

5

flush valve, including in connection with its internal quality assurance testing of those products."
(R. 419-5, at 7.) This statement and the corresponding allegations of literal infringement and infringement under the doctrine of equivalents are relevant to provisional damages. Specifically, these amendments allege direct infringement of claims 7 and 8 of the '635 patent which this Court found in its October 26, 2012 Order to be substantially identical, which is one factor of eligibility for provisional remedies. (*See* R. 412, at 3.)

II.     **Sloan's Improper Amendments Outside the Scope of the Court's October 2, 2012 Order**

Sloan's amendments, however, went well beyond the limited scope of the Court's October 2, 2012 Order. Sloan, for example, included new contentions regarding the specific terms of the '635 patent claims, namely "axis of plunger travel," "arcuate portions," and "extension portions" that are not related to Sloan's claim for provisional remedies under Section 154(d). (R. 419, ¶ 4, 7.) The terms "axis of plunger travel," "arcuate portions," and "extension portions" are not even found in the language of claims 7 and 8. (*See* R. 412, at 3.) As such, the Court hereby strikes any discussion of these terms from Sloan's Amended Final Infringement Contentions.

In addition, Sloan's amendments include new, additional theories of direct infringement for claims other than claims 7 and 8, and additional theories of induced and contributory infringement for claims of the '635 patent. (R. 419, ¶ 8.) Sloan's additional allegations of direct infringement for claims other than 7 and 8 are not relevant to the parties' dispute regarding provisional damages under Section 154(d) and are therefore outside the scope of the Court's October 2, 2012 Order. The Court also strikes Sloan's additional allegations of induced or contributory infringement of the '635 patent claims as they are not relevant to the parties' dispute regarding provisional damages under Section 154(d).

Further, Sloan included "computer-assisted analysis" that differs from that used during the claim construction hearing on August 28, 2012 without any supporting documentation or data. (R. 419, ¶ 6.) Sloan does not even attempt to justify this change. *See Vulcan Golf, LLC v. Google, Inc.*, 552 F. Supp. 2d 752, 782, n. 16 (N.D. Ill. 2008) (explaining that it is not the court's job to hunt through the parties' exhibits to find a basis for their asserted position); *see also LG Electronics Inc. v. Quanta Comp. Inc.*, 566 F. Supp. 2d 910, 916 (W.D. Wis. 2008) (explaining that there may be "more specific evidence lurking somewhere in the record" but that "it is not the court's obligation to find" facts in patentee's proposed findings of fact necessary to support an allegation of infringement). This additional evidence supplied with Sloan's Amended Final Infringement Contentions is stricken as it is not relevant to the parties' dispute regarding provisional damages.

Finally, Zurn also argues that Sloan's amendments to its Amended Final Infringement Contentions with respect to the claim terms "slidably and tiltably mounted," "tilting the inner end of the plunger," "dual mode flush valve" may stand as these terms are included in claims 7 and 8 of the '635 patent. They are, therefore, relevant to the parties' dispute regarding provisional damages under Section 154(d). (*See* R. 412, at 3, reciting Claims 7 and 8.) To the extent, however, that Sloan's Amended Final Infringement Contentions addressed these terms in their allegations of direct infringement of claims 7 and 8, Zurn's request to respond to those allegations in its Amended Final Non-infringement and Invalidity/Unenforceability Contentions is granted.

## CONCLUSION

The Court strikes those amendments in Sloan's Amended Final Infringement Contentions outside of those specific to direct infringement of claims 7 and 8 pursuant to Rule 12(f), and orders Sloan to revise its Amended Final Infringement Contentions in *strict* accordance with this order. Specifically, the Court strikes Sloan's amendments: (1) that purport to address those terms from the Court's September 13, 2012 Claim Construction Order not contained in claim 7 or claim 8; (2) that assert additional theories of direct infringement of claims other than 7 and 8; (3) that asserts additional induced or contributory infringement of the '635 patent claims; and (4) that references animations of Sloan's contentions that differ from those disclosed to Zurn previously. Sloan must file a revised version of its Amended Final Infringement Contentions with the Court by December 20, 2012.

In addition, the Court grants Zurn's Motion for Leave to Amend its Non-infringement, Invalidity/Unenforceability Contentions to the extent that those amendments are necessary to respond to the permissible amendments to Amended Final Infringement Contentions. Zurn must file its Amended Final Non-infringement, Invalidity/Unenforceability Contentions with the Court by January 4, 2013.

One final note, given the antics that both sides have engaged in during the course of this litigation, the Court expects strict compliance with this Opinion from both sides.

**Dated: December 13, 2012**                                                       **ENTERED**

                                                                                **AMY J. ST. EVE**
                                                                                **United States District Court Judge**