UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SLOAN VALVE COMPANY,<br>  a Delaware corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:10-cv-00204 |
| ZURN INDUSTRIES, INC., | ) | |
|   a Delaware corporation, | ) | Judge: Hon. Amy J. St. Eve |
| | ) | |
| and | ) | Magistrate Judge: Hon. Sidney I. |
| | ) | Schenkier |
| ZURN INDUSTRIES, LLC, | ) | |
|   a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SLOAN VALVE
COMPANY'S MOTION TO STRIKE DR. RICHARD MAGEE'S EXPERT REPORTS
AND TO EXCLUDE HIS CORRESPONDING EXPERT TESTIMONY**

Lisa M. Noller (6229957)
Scott R. Kaspar (6284921)
Jason A. Berta (6295888)
Daniel W. Werly (6301164)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
312.832.4500
312.832.4700 Fax

Richard S. Florsheim (*pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900 Fax

*Attorneys for Plaintiff*
*SLOAN VALVE COMPANY*

## **TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 1

III.    PORTIONS OF MR. MAGEE'S INVALIDITY REPORTS SHOULD BE
        STRICKEN AND HIS CORRESPONDING TESTIMONY EXCLUDED ...................... 2

        A.      An Expert's Opinion Should be Excluded If He or She is Not Qualified as
                an Expert In the Area Which Is the Subject Matter of the Witness's
                Testimony ......................................................................................................... 2

        B.      Mr. Magee Is Not Qualified to Provide Opinions as to What a Person of
                Ordinary Skill in the Art of Plumbing Flush Valves Would Have
                Considered Obvious or Thought in 2005 .................................................. 4

                1.      The Pertinent Art in this Case is Plumbing Valves ..................................... 4

                2.      Mr. Magee Lacks Relevant Knowledge, Skill, Experience,
                        Training or Education Respecting Flush Valves. ....................................... 7

        C.      Mr. Magee Should Not Be Permitted to Testify as an Expert on Whether
                the Inventions of the *Wilson* Patent Would Have Been Obvious to a Person
                of Ordinary Skill in the Art in 2005 ........................................................ 9

        D.      Mr. Magee Should Not Be Permitted to Testify as an Expert on Whether
                the *Wilson* Patent Adequately Described His Inventions or Enabled a
                POSITA to Make a Claimed Plumbing Valve Without Undue
                Experimentation ................................................................................................ 10

IV.     CONCLUSION ............................................................................................................. 11

## **TABLE OF AUTHORITIES**

### **Cases**

*Arachnid, Inc. v. Merit Indus.*, 201 F. Supp. 2d 883 (N.D. Ill. 2002).............................................. 4

*Bayer AG v. Schein Pharma.*, 301 F.3d 1306 (Fed. Cir. 2002) .................................................... 10

*Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955 (Fed. Cir. 1986)................. 5

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ....................................................... 2

*Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002)..................................... 3

*Environmental Designs, Ltd. v. Union Oil Co.*, 713 F.2d 693 (Fed. Cir. 1983) ............................ 5

*Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901 (7th Cir. 2007).................................................. 2

*Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 2010 U.S. App. LEXIS 20433 (Fed. Cir.
     Sep. 30, 2010) .......................................................................................................................... 4

*Flex-Rest, LLC v. SteelCase, Inc.*, 455 F.3d 1351 (Fed. Cir. 2006) .............................................. 4

*Florek v. Vill. of Mundelein*, 649 F.3d 594 (7th Cir. 2011) ......................................................... 3

*In re Nelson*, 280 F.2d 172 (C.C.P.A. 1960) ............................................................................... 10

*LG Elecs. v. Whirlpool Corp.*, 2010 U.S. Dist. LEXIS 91739 (N.D. Ill. Sep. 3, 2010) ................ 7

*Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565 (Fed. Cir. 1997) ................................................ 10

*Minasian v. Standard Chtd. Bank, P.L.C.*, 109 F.3d 1212 (7th Cir. 1997).................................... 7

*Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256 (Fed. Cir. 2008) ............................... 4

*Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008) ............................ 4

### **Other Authorities**

The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, *Federal Civil Jury
     Instructions of the Seventh Circuit* 11.1.14 (2009) ............................................................ 9

The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, *Federal Civil Jury
     Instructions of the Seventh Circuit* 11.3.2.1 (2009) ......................................................... 11

The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, *Federal Civil Jury
     Instructions of the Seventh Circuit* 11.3.2.2 (2009) ......................................................... 11

### **Rules**

Fed. R. Evid. 702 ..................................................................................................................... 2, 3

## I.      INTRODUCTION

Plaintiff Sloan Valve Company ("Sloan") moves to strike portions of the expert reports of Dr. Richard S. Magee and to exclude his corresponding testimony.  Virtually all of his opinions on the subject of invalidity address issues that turn on what a person of ordinary skill in the relevant art would have considered obvious in 2005 or what such a person would have understood from reading the *Wilson* patent.  Importantly, Mr. Magee fails to meet *Daubert*'s minimum requirements in that he is not a person of ordinary skill in the art ("POSITA") and is in no way qualified to testify as to what such a person would have considered obvious in 2005 or understood from reading U.S. Patent No. 7,607,635 ("the *Wilson* patent").[1]  Accordingly, the portions of Mr. Magee's invalidity expert reports identified in Sloan's motion should be stricken and his corresponding testimony excluded.

## II.     FACTUAL BACKGROUND

Mr. Magee is Zurn's technical expert on the issue of invalidity (and infringement) with respect to the *Wilson* patent.  On January 24, 2013, he submitted his initial invalidity report ("Invalidity Report"), a copy of which is attached as Exhibit 10 to the Declaration of Jason A. Berta dated June 10, 2013 ("Berta Decl.").  The Invalidity Report provides numerous opinions as to what would have been obvious to a POSITA, and as to what a POSITA would have understood or believed at the time the *Wilson* patent application was filed in 2005.  But Mr. Magee has admitted that he has never had any involvement whatsoever with plumbing flush valves, and that he had never had even a single substantive discussion with anyone else who had

---

[1] For the reasons set forth in Sloan's brief in support of its motion for summary judgment, many of Mr. Magee's opinions are based on erroneous or inadequate bases.  However, those issues are best dealt with in the context of a motion for summary judgment, a motion in limine, or a JMOL motion, rather than in the context of a *Daubert* motion.

ever designed a plumbing flush valve prior to being engaged as an expert in this case in 2010. Further, Mr. Magee's Invalidity Report provides no underlying facts and data to support most of his conclusions as to invalidity. Mr. Magee's reply report on invalidity ("Invalidity Reply"), served on April 5, 2013 (Attached as Exhibit 12 to the Berta Declaration) offers opinions on the same subjects and suffers from the same fatal deficiencies.

Sloan took Mr. Magee's deposition on May 7, 2013. Pertinent portions of the deposition transcript are attached as Exhibit 8 to the Berta Declaration.

## III. PORTIONS OF MR. MAGEE'S INVALIDITY REPORTS SHOULD BE STRICKEN AND HIS CORRESPONDING TESTIMONY EXCLUDED

### A. An Expert's Opinion Should be Excluded If He or She is Not Qualified as an Expert In the Area Which Is the Subject Matter of the Witness's Testimony

Federal Rule of Evidence 702 "clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). In *Daubert*, the Supreme Court held that "proposed testimony must be supported by appropriate validation – *i.e.*, 'good grounds,' based on what is known . . . [and that] the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability." *Id.* at 590. *Daubert* also holds that Rule 702 requires that the evidence or testimony assist the trier of fact in understanding the evidence or determining a fact in issue. *Id.* at 591. Following *Daubert*, the Seventh Circuit has construed Rule 702 as embodying three requirements for admitting expert testimony: "the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education,' Fed. R. Evid. 702; the expert's reasoning or methodology underlying the testimony must be scientifically reliable, *Daubert*, 509 U.S. at 592-93; and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007).

Rule 702 requires that an expert have "specialized knowledge" in the area for which testimony is proffered. Fed. R. Evid. 702; *Florek v. Vill. of Mundelein*, 649 F.3d 594, 602 (7th Cir. 2011). No matter how credentialed an expert may be, an expert's testimony must be limited to his or her specific area of expertise. In *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002), the Seventh Circuit affirmed the dismissal of a case based on the exclusion of the plaintiff's expert's testimony. There, the plaintiff's expert was a hydrogeologist, but his expertise did not extend to a particular facet of hydrogeology – mathematical modeling of groundwater flows. Yet the Seventh Circuit approved of the exclusion of his testimony: "The *Daubert* test must be applied with due regard for the specialization of modern science. A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty. That would not be responsible science."

This general rule of law applies with full force to proposed expert testimony in a patent infringement case as to what would have been obvious to a POSITA. The Federal Circuit Court of Appeals has held that it is an abuse of discretion to permit a witness to testify as an expert on the issue of obviousness or any of the underlying questions if he or she is not qualified as a technical expert in the pertinent art:

> We hold that it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art. Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702. ***Indeed, where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art***. . . .
>
> ***Nor may a witness not qualified in the pertinent art testify as an expert on obviousness, or any of the underlying technical questions,*** such as the nature of the claimed invention, the scope and content of prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary

3

skill in the art to combine these references to achieve the claimed invention. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) (emphasis added).

It is not sufficient that the proposed expert have general expertise in a broad area such as mechanical engineering, if the pertinent art is, as in this case, much narrower. For example, in *Flex-Rest, LLC v. SteelCase, Inc.*, 455 F.3d 1351, 1360-61 (Fed. Cir. 2006), the Federal Circuit approved of the exclusion of the testimony of an expert by the name of Dr. Rosecrance on the issue of obviousness where the district court found that one skilled in the art of the invention was a keyboard designer whereas Dr. Rosecrance's area of expertise was in ergonomics rather than keyboard design support systems. Similarly, in *Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1268 (Fed. Cir. 2008), the Federal Circuit approved of a district court's ruling that a mechanical engineer with expertise in satellite design was not qualified to testify about the obviousness of patent claims directed to laboratory equipment used in the development of drug delivery devices. "General experience in a related field may not suffice when experience and skill in specific product design are necessary to resolve patent issues." *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 2010 U.S. App. LEXIS 20433, at *16 (Fed. Cir. Sep. 30, 2010) (nonprecedential) (affirming the district court's ruling that person with a degree in computer science with experience as a computer system administrator was not qualified to testify about the validity of patents relating to high speed computer equipment such as switches, bridges, or routers).

**B.    Mr. Magee Is Not Qualified to Provide Opinions as to What a Person of Ordinary Skill in the Art of Plumbing Flush Valves Would Have Considered Obvious or Thought in 2005**

**1.    The Pertinent Art in this Case is Plumbing Valves.**

Courts determine the pertinent art at issue, *Arachnid, Inc. v. Merit Indus.*, 201 F. Supp. 2d 883, 888-89 (N.D. Ill. 2002), and in so doing typically consider factors such as: the types of

4

problems encountered in the art; prior solutions to those problems; rapidity with which innovations are made; sophistication of the technology; and education typical of those actively working in the field. *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 962 (Fed. Cir. 1986); *Environmental Designs, Ltd. v. Union Oil Co.*, 713 F.2d 693, 696 (Fed. Cir. 1983).

The *Wilson* patent identifies itself as a "Flush Valve Handle Assembly Providing Dual Mode Operation." (D.I. 1-1 at 2.) The background of the invention is directed to "flush valves for use with plumbing fixtures such as toilets" (*Id.* at 8, Col. 1, lines 6-7), and the problem that it identifies and solves is to deliver what many had tried before but could not achieve: a manual dual flush valve. Each prior art patent of record cited on the face of the *Wilson* patent is directed to flush valves and plumbing devices found in bathrooms. In fact, the art classification assigned by the U.S. Patent and Trademark Office ("PTO") to the *Wilson* patent and the prior art of record is U.S. Class 251, for "Valves and Valve Actuation" (D.I. 1-1 at 2), which is how the PTO assigns the best Examiner knowledgeable in the relevant art to conduct the prior art search and examination. Even Mr. Magee agreed at his deposition that the relevant field in this case is flush valves:

> Q.  No. My question is what is your view as to what the field of technology is that we're talking about here? Is it mechanical engineering generally? Is it toilet flush valves?
>
> A.  It's flushometers. Flush valves. (Berta Decl., Exh. 8 at 33:14-18.)

In an apparent effort to cast Mr. Magee as knowledgeable about what a POSITA might have thought obvious, Zurn attempts to define the pertinent art as being "mechanical/fluid systems." (Berta Decl, Exh. 10 at ¶ 32.) At his deposition Mr. Magee defined "mechanical/fluid systems" as "systems that have both a mechanical design aspect to it along with fluid flow

5

behavior." (Berta Decl., Exh. 8 at 17:15-19.) But Mr. Magee admits that "mechanical/fluid systems" covers an extremely broad range of different technologies including the designs of, for example, an airplane wing, a braking system for a car, an automatic transmission for a vehicle, a hydraulic elevator, a system for fueling a vehicle, airplane or rocket ship, a hydraulic lift on a forklift truck, a dentist's drill, and a refrigerator. (*Id.* at 17:22 - 19:19.)

Mr. Magee's deposition testimony confirms the absurdity of defining the pertinent art in this case as being "mechanical/fluid systems." Each of the areas listed above that Mr. Magee testified would fall under the "mechanical/fluid systems" umbrella are entirely unrelated to the technology involved in this case, and none of them falls into the technology class in which the PTO classified the invention of the *Wilson* patent. For instance, airplane wings fall under U.S. Class 244 (Aeronautics), car brakes fall under U.S. Class 188 (Brakes), car transmissions fall under U.S. Class 475 (Planetary Gear Transmissions), and dental drills fall under U.S. Class 433 (Dentistry). There is no reason whatsoever to believe that a skilled artisan in the area of airplane wings or automobile transmissions would ever be involved in the design of plumbing valves. Yet, Zurn's approach asks the Court to assume that a person of ordinary skill in the design of either airplane wings or automobile transmissions would be equally skilled in the art of designing plumbing valves such as those used on toilets or urinals. This conclusion is not supported by common sense, and this Court should give no weight to Zurn's proposed definition of the pertinent art in this case.

Moreover, Mr. Magee's reports provide no clue as to the basis for Zurn's definition of a POSITA. Mr. Magee's reports cite the proper legal standard for defining a POSITA (Berta Decl., Exh. 10 at ¶ 32.), but Mr. Magee has made no effort to address the factors typically considered by courts, or to apply the legal standard to any facts. It simply is not clear why the

Court should adopt his definition that the pertinent art is all "mechanical/fluid systems." "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Minasian v. Standard Chtd. Bank, P.L.C.*, 109 F.3d 1212, 1216 (7th Cir. 1997). Accordingly, Magee's definition of a POSITA should be stricken and his corresponding testimony excluded. *See LG Elecs. v. Whirlpool Corp.*, 2010 U.S. Dist. LEXIS 91739, at *23-24 (N.D. Ill. Sep. 3, 2010); *see also General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert").

### 2. Mr. Magee Lacks Relevant Knowledge, Skill, Experience, Training or Education Respecting Flush Valves.

Mr. Magee is not himself a person of ordinary skill in the art of plumbing valves – or, for that matter, any other plumbing products. In short, whatever his credentials in the general areas of mechanical engineering or fluid mechanics, in the time leading up to the 2005 filing date of the *Wilson* patent, (1) he had no knowledge, skill, experience, training, or education respecting plumbing valves of any kind; and (2) before he was engaged for this case in 2010, he had never had even a single substantive discussion with anyone who had any involvement in designing plumbing valves. This was confirmed by Mr. Magee's deposition testimony. Specifically:

- He was not and had not been a member of the American Society of Plumbing Engineers, International Association of Plumbing and Mechanical Officials, the American Society of Sanitary Engineering, or any organization whose primary focus was on plumbing or plumbing equipment (Berta Decl., Exh. 8 at 7:4-20);

- He had not attended any meetings of any organizations whose primary focus was on plumbing or plumbing equipment. (*Id.* at 7:21-23);

- He was not and had not been certified as a plumbing designer. (*Id.* at 7:24-8:2);

- He was not working and had never worked as a plumber or plumbing mechanic. (*Id.* at 8:3-5);

- He was not and had not been licensed as a plumber or master plumber in any state. (*Id*. at 8:6-8);

- He had never designed a plumbing system for any specific office building, commercial building, dormitory, or stadium. (*Id*. at 8:9-12);

- He had never worked on the development of a plumbing code either nationally or for a specific state and had never served on any committee of the American Society of Mechanical Engineers that developed standards for plumbing materials or equipment. (*Id*. at 8:13-16; 9:6-9.);

- He had never conducted any training seminars on plumbing code requirements or on plumbing design, or taught any courses specifically directed to the design of toilet or urinal flush valves, or any plumbing device found in a bathroom. (*Id*. at 8:17-20; 14:21-15:4);

- Prior to being engaged by Zurn in this case, he had never been engaged to consult with any other company that manufactures toilets, urinals, or flush valves, such as Sloan, Coyne & Delany, AMTC, Toto, American Standard, and Kohler. (*Id*. at 8:21-9:2);

- He had never designed a toilet or urinal flush valve, or any sort of plumbing device that would be found in a bathroom. (*Id*. at 10:5-10);

- He had no patents on plumbing devices. (*Id*. at 10:11-13);

- He had never written any books or articles on plumbing devices or plumbing design. (*Id*. at 10:14-19);

- He had never interacted with anyone outside the university whose job it was to design plumbing equipment of any kind that would be found in bathroom, during the decade leading up to the 2005 filing date of the *Wilson* patent. (*Id*. at 11:22-12:3);

- In the decade leading up to the 2005 filing date of the *Wilson* patent, he had only visited the Stevens Institute plumbing lab two times. (*Id*. at 14:13-18);

- He never worked with anyone at his university on the design of any plumbing device. (*Id*. at 13:5-14:5);and

- He has never spoken to anyone, in the decade prior to and including 2005, about the design or performance of any sort of plumbing devices. (*Id.* at 49:16-50:11).

You would have to struggle to think of any two things that are more polar opposites than fire and water. Yet Mr. Magee's expertise is in fire, and this case is about water valves. Mr. Magee's 20-page CV describes his expertise as "Incineration, Destruction of Chemical Weapons,

Combustion, Heat Transfer, Fire Safety, Fire Investigation." (Berta Decl., Exh. 10 at 27.) His testimony demonstrates that Mr. Magee has no knowledge, skill, experience, training, or education respecting flush valves, or any plumbing device found in a bathroom, and no substantive interaction at any time in the decade leading up to and including 2005 with anyone who was involved that art. While Mr. Magee's CV lists 73 articles and 12 books he has written, and 73 presentations he has given, none of them relate to any plumbing device found in a bathroom. (*Id.* at 31-43.) Prior to being retained by Zurn for this litigation, Mr. Magee had no more familiarity with flush valves than a lay person, which is why the topic shows up nowhere on his CV. In fact, he still does not know what a water closet is, and admits that he "would not be the one to be the expert." (Berta Decl., Exh. 8 at 76:5-9.) Accordingly, while Mr. Magee may be well-credentialed in other areas, he has no basis on which to form or express an opinion as to what would or would not have been obvious to a POSITA who was involved in the design of plumbing flush valves back in 2005.

### C. Mr. Magee Should Not Be Permitted to Testify as an Expert on Whether the Inventions of the *Wilson* Patent Would Have Been Obvious to a Person of Ordinary Skill in the Art in 2005

Mr. Magee's reports purport to express opinions regarding whether the inventions claimed in claims 12 and 23 of the *Wilson* patent would have been obvious to a person of ordinary skill in the art in 2005. (Berta Decl., Exh. 10 at ¶ 32-40, 55; Exh. 12 at ¶ 8-14, 52-55.) For example, Mr. Magee proposes to testify regarding what the teachings of certain prior art references and devices would have disclosed to a POSITA, and what a POSITA have understood from the prior art as of 2005, and what combinations of prior art would have been to be obvious to a POSITA. These inquiries, however, must be made through the eyes of a POSITA. *See* The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, *Federal Civil Jury Instructions of the Seventh Circuit* 11.1.14 (2009) ("A patent claim is invalid for obviousness if a

9

person with an ordinary level of skill in the field of the invention who knew about all the prior art existing at the time of the invention would have come up with the invention at that time.").

The case law cited in Section II.A, *supra*, addresses this issue directly and clearly: because Mr. Magee is not a person of ordinary skill in the pertinent art, and because he had no substantive interactions with any such people prior to 2005 (and he can therefore have no direct knowledge of their level of skill or what they did or did not consider obvious at that time), he should not be permitted to testify as to the subject of obviousness or any of its subsidiary issues.

> **D. Mr. Magee Should Not Be Permitted to Testify as an Expert on Whether the *Wilson* Patent Adequately Described His Inventions or Enabled a POSITA to Make a Claimed Plumbing Valve Without Undue Experimentation**

Mr. Magee also purports to express opinions as to whether the *Wilson* patent specification enables a POSITA to practice the claimed invention (the "enablement" requirement of 35 U.S.C. section 112) and whether a POSITA would have recognized that the specification is sufficiently definite to describe all the elements of the claimed invention (the "written description" requirement of 35 U.S.C. § 112). (Berta Decl., Exh. 10 at ¶ 47-51; Exh. 12 at ¶ 42-51.) Questions of enablement and written description must also be viewed through the eyes of a skilled artisan. *Bayer AG v. Schein Pharma.*, 301 F.3d 1306, 1314 (Fed. Cir. 2002) ("[A]n enabling disclosure by definition turns upon the objective understanding of a skilled artisan . . ."); *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) ("The description must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed."); *In re Nelson*, 280 F.2d 172, 181 (C.C.P.A. 1960) ("The descriptions in patents are not addressed to the public generally, to lawyers or to judges, but, as section 112 says, to those skilled in the art to which the invention pertains or with which it is most nearly connected."). Thus, the Federal Civil Jury Instructions of the Seventh Circuit on these issues

plainly establish that the issue of enablement and the adequacy of a patent's written description must be judged from the viewpoint of a person of ordinary skill in the art.

As to written description:

> Defendant contends that claim(s) ___ of Plaintiff's patent [is/are] invalid because it does not contain an adequate written description. To succeed on this contention, Defendant must prove by clear and convincing evidence that ***a person of ordinary skill in the field of the invention would not recognize*** that the specification describes all the requirements of the claim. *Id.* at 11.3.2.1 (emphasis added)

As to enablement:

> Defendant contends that claim(s) ___ of Plaintiff's patent [is/are] invalid because it fails to meet this requirement. To succeed on this contention, [Defendant] must prove by clear and convincing evidence that the specification ***does not enable a person of ordinary skill in the field of the invention*** to make and use a [product; process] covered by claim ___ without an unreasonable amount of experimentation. Whether the amount of experimentation is unreasonable ***depends on*** the complexity of the field of the invention and ***the level of expertise and knowledge of persons of ordinary skill in that field***. *Id.* at 11.3.2.2 (emphasis added)

Because Mr. Magee is not a person of ordinary skill in the pertinent art, and because he had no substantive interactions with any such people prior to 2005 (and he can therefore have no direct knowledge of their level of skill or what they did or did not consider obvious at that time), he should not be permitted to testify as to the subjects of enablement or written description or any of their subsidiary issues.

## IV.     CONCLUSION

For the reasons provided above, Sloan respectfully requests that the Court grant its Motion and strike Magee's expert reports and exclude his corresponding testimony.

Dated:  June 10, 2013                     Respectfully submitted,


                                           /s/ Jason A. Berta
                                          Lisa M. Noller (6229957)
                                          Scott R. Kaspar (6284921)
                                          Jason A. Berta (6295888)
                                          Daniel W. Werly (6301164)
                                          FOLEY & LARDNER LLP
                                          321 North Clark Street, Suite 2800
                                          Chicago, IL 60654-5313
                                          312.832.4500
                                          312.832.4700 Fax

                                          Richard S. Florsheim (*pro hac vice*)
                                          FOLEY & LARDNER LLP
                                          777 East Wisconsin Avenue
                                          Milwaukee, WI 53202-5306
                                          414.271.2400
                                          414.297.4900 Fax

                                          Attorneys for Plaintiff
                                          SLOAN VALVE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I, Jason A. Berta, an attorney, hereby certify that on June 10, 2013, I caused to be filed electronically MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SLOAN VALVE COMPANY'S MOTION TO STRIKE RICHARD MAGEE'S EXPERT REPORT AND TO EXCLUDE HIS CORRESPONDING TESTIMONY with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

/s/ Jason A. Berta

4845-4959-0035