IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLOAN VALVE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10-cv-00204 |
| v. | ) |
| | ) |
| ZURN INDUSTRIES, INC., and | ) |
| ZURN INDUSTRIES, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Sloan Valve Company ("Sloan") brings this patent infringement action against Defendants Zurn Industries, Inc. and Zurn Industries, LLC (collectively, "Zurn"). Sloan now moves for leave to amend its final infringement contentions. (R. 684, Mot.) Sloan seeks to amend its Second Amended Final Infringement Contentions to reflect the Court's November 20, 2013 Memorandum Opinion and Order, which addressed the parties' cross-motions for summary judgment. (R. 674, Summary Judgment Opinion and Order.) For the reasons discussed below, the Court denies Sloan's motion.

**BACKGROUND**

This case concerns U.S. Patent No. 7, 607, 635, entitled "Flush Valve Handle Assembly Providing Dual Mode Operation" (the "'635 Patent"), and the corresponding U.S. Patent Application Publication No. 2006/0151729 (the "Published Wilson Patent Application"). On January 13, 2010, Sloan commenced this action against Zurn seeking (a) damages and injunctive

relief for Zurn's alleged infringement of the '635 Patent; and (b) provisional damages for Zurn's alleged making, sale and use of inventions that the Published Wilson Patent Application covers. (R. 1, Compl., ¶¶ 34-38.) Both fact and expert discovery have closed and the Court has already ruled on the parties' cross-motions for summary judgment. (R. 674.) The Court has also scheduled a trial date. (R. 695.)

On December 20, 2012, Sloan filed its Second Amended Final Infringement Contentions. (R. 445.) In its Second Amended Final Infringement Contentions, Sloan contended, among other things, that Zurn willfully infringed the '635 Patent. (*Id*., p. 16-18.) In support, Sloan contended that Zurn intentionally copied the '635 Patent and continued to sell the infringing product even after learning of Sloan's patent rights. (*Id*.)

Sloan now moves, for the second time, to amend its Second Amended Final Infringement Contentions.[1] Sloan seeks to add what it asserts is new information that is relevant to its claim of willful infringement. (Mot. at 1.) Specifically, Sloan seeks to add the following two paragraphs to its final infringement contentions:

> Insofar as claims 1, 4-8, 10, 11, 19, 28-31, 33 and 34 of the *Wilson* patent are concerned, the opinion of counsel dated September 22, 2009 upon which Zurn purported to rely in continuing its infringement was premised entirely on the proposition that those claims were invalid are [sic] anticipated or obvious in light of prior art flush valves. In its November 20, 2013 Memorandum Opinion and Order, the Court found that (a) Zurn had failed to provide any expert report substantiating the defenses raised in its pleading that any of claims 1, 4-8, 10-11, 19, 28-31, or 33-34 of the *Wilson* patent were invalid for either anticipation or obviousness (Mem. Op. and Order, Dkt. 674 at 34), and (b) Zurn had actually dropped any contention that any of those claims were invalid for anticipation or obviousness from its invalidity contentions. *Id*. at 36. These findings establish that when the rules of this Court required Zurn to provide real substantiation for the opinion of counsel on which it purportedly relied that those claims of the *Wilson* patent were invalid because the inventions described therein were obvious or anticipated, Zurn was unable or unwilling do so. The Court has now found that Zurn failed to provide a sufficient basis to raise even a genuine issue of material

---

[1] Sloan previously moved for leave to amend its Second Amended Final Infringement Contentions on January 28, 2013. (R. 451.) The Court denied that motion. (R. 469.)

2

> fact to present to the jury that t [sic] any of those claims were invalid for either of the reasons on which its opinion of counsel was premised, much less to prevail on either of those defenses.
>
> The Court's Memorandum Opinion and Order of November 30, 2013 further found that no reasonable jury could have found that [sic] in favor of Zurn on Zurn's defenses that any of the claims of the *Wilson* patent were invalid for violation of the patent law's best mode or enablement requirements. *Id*. at 43, 46.

(R. 684-3, Sloan's Proposed Third Amended Final Infringement Contentions, p. 16.)

## LEGAL STANDARD

Local Patent Rule 3.4 provides that a party may amend its final infringement contentions only by order of court "upon a showing of good cause and absence of unfair prejudice to opposing parties made promptly upon discovery of the basis for the amendment." L.P.R. 3.4; *see also Fujitsu Ltd. v. Tellabs Ops., Inc.,* Nos. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012). The purpose of the local patent rules regarding infringement contentions is to "prevent a shifting sands approach to claim construction by forcing the parties to crystallize their theories of the case early in litigation." *Fujitsu*, 2012 WL 5444979 at *4 (internal quotations omitted). Furthermore, "[t]he purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case because, in practice, it is difficult to obtain such information through traditional discovery means, such as interrogatories." *Id.* (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Local Patent Rule 3.4 provides one example of a circumstance that may support a finding of good cause: a ruling on claim construction that is different from that proposed by the party seeking amendment.

A party's showing of good cause must also show diligence in amending the contentions. *See O2 Micro Int'l*, 467 F.3d at 1366 (The "good cause" showing is not met "merely because new evidence was revealed during discovery" without also showing diligence in amending the

3

contentions.)  In particular, the Local Patent Rules require the moving party "to proceed with diligence in amending those contentions when new information comes to light in the course of discovery."  *Trading Techs, Int'l, Inv. v. BCG Partners, Inc.*, 10 C 715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011).  In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery.  *Thermapure, Inc. v. Giertsen Co. of Ill.*, 10 C 4724, 2012 WL 6196912 (N.D. Ill. Dec. 11, 2012).  Determining whether a party has satisfied the good cause requirement is within the court's discretion.  *See MEMC Elec. Materials, Inv. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005); *Speedtrack, Inc. v. Endeca Techs., Inc.*, Nos. 2012-1319, 2012-1402, 524 Fed. Appx. 651, 659 (Fed. Cir. Apr. 16, 2013) (Table) (Decisions enforcing local rules in patent cases are reviewed for an abuse of discretion.").

**ANALYSIS**

Sloan argues that the Court should allow it to include the two proposed paragraphs addressing the Court's Summary Judgment Opinion because Zurn's "continued disregard of patent rights" is relevant evidence.  (R. 704, Reply at 5.)  Sloan contends that Zurn's refusal to stop selling its accused product after the Court issued its Summary Judgment Opinion is further proof of Zurn's willful infringement of the '635 Patent.  In support, Sloan cites three district court opinions from outside this district for the proposition that "the post-filing conduct of an accused infringer can support a finding of objective recklessness."  (Mot. at 3.)  In addition to being non-binding, none of these cases are persuasive.

In the first case that Sloan cites, the court allowed the plaintiff to amend its complaint to allege willful infringement based on the defendant's continued use of the allegedly infringing patent even after the United States Patent Trade Office ("USPTO") issued its Reexamination

4

Certificate. *Ultratech Int'l, Inc. v. Swimways Corp.*, 2009 WL 8590873 at *3 (M.D. Fla. Mar. 3, 2009). Here, Sloan already has pled willful infringement. Further, Sloan's Second Amended Final Infringement Contentions already address Zurn's continued sale of the accused product after the USPTO issued the '635 Patent in late 2009. (R. 445 at 18.) Sloan also cites two cases addressing willful infringement where the defendant continued to sell the accused product after the court granted the plaintiff's motion for summary judgment on the issue of infringement. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 2008 WL 6873811 at *5 (C.D. Cal. Jan. 3, 2008) (finding that defendant "willfully infringed [plaintiff's] patent when it continued to sell the infringing frames after the Court granted [plaintiff's] motion for summary judgment on the issue of infringement"); *Avocent Huntsville Corp. v. ClearCube Tech., Inc.*, 2006 WL 2109503 (N.D. Ala. July 28, 2006) (finding that court's granting of plaintiff's motion for partial summary judgment on infringement "may fall under the rubric of the 'totality of the circumstances' test, tending to show [defendant's] infringement was (and continues to be) willful"). Those cases, however, address summary judgment rulings on the issue of infringement. Here, the relevant portion of the Court's summary judgment opinion addresses Zurn's affirmative defenses of anticipation, obviousness, best mode, and enablement. Sloan may not introduce evidence that certain of Zurn's affirmative defenses did not survive summary judgment.

     Sloan also argues in its reply brief that "the jury is entitled to be informed that this Court has determined that when the time came for Zurn to provide substantiation of the bases for the opinion of counsel on which its claims to have been relying [sic], it failed to do so…" (Reply at 5.) As a threshold matter, undeveloped arguments and arguments raised for the first time in reply brief are waived. *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) (undeveloped arguments waived); *United States v. Kennedy*, 726 F.3d 968, 974 n. 3 (7th Cir. 2013)

("Arguments raised for the first time in a reply brief, however, are waived"); *Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013) (same). Accordingly, Sloan has waived this argument. Even if the Court considered this argument, however, it is unpersuasive. The Court's summary judgment ruling is not relevant to the claims before the jury. Further, this is not the kind of information, and certainly not the type of good cause, that the local patent rules require in order to amend final infringement contentions.

Perhaps Sloan misunderstands the purpose of final infringement contentions. As described above, "[t]he purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case because, in practice, it is difficult to obtain such information through traditional discovery means, such as interrogatories." *Fujitsu*, 2012 WL 5444979 at *4. Further, the local patent rules require the plaintiff to file its final infringement contentions after the close of fact discovery, but before claim construction and expert discovery. *See* Judge Matthew F. Kennelly, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. MARSHALL REV. INTELL. PROP. L. 202 (Winter, 2010). Here, Sloan seeks to amend its final infringement contentions after claim construction, after the close of expert discovery, and after the Court's ruling on the parties' motions for summary judgment. The Court's summary judgment opinion on certain affirmative defenses in this case is not the type of information that is highly relevant to final infringement contentions and certainly does not meet the good cause standard that Local Patent Rule 3.4 requires. Rather, Sloan's proposed amendments give credence to Zurn's argument that Sloan's true intent is to inform the jury of the Court's adverse rulings on certain of Zurn's affirmative defenses. This is not a proper use of final infringement contentions.

## CONCLUSION

For the reasons discussed above, the Court denies Sloan's Motion for Leave to Amend Its Final Infringement Contentions.

Dated: January 7, 2014        ENTERED:

                              AMY J. ST. EVE
                              United States District Court Judge